**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DEON YOUNG, a/k/a "BILL", a/k/a "JOE,"**

    **Petitioner,**

**v.**                                            **Criminal Action No. 5:13CR27-1
Civil Action No. 5:16CV22
(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 22, 2016, Deon Young ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). ECF No. 200.[1] That same day, the Clerk of the Court mailed Petitioner a Notice of Deficient Pleading, informing him that he had twenty-one (21) days to correct his Motion by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4. ECF No. 202. Petitioner filed his motion on the correct form on March 21, 2016. ECF No. 205.

The undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's Motion Under 28 U.S.C. § 2255.

### II. FACTS

**A. Conviction and Sentence**

The petitioner, Deon Young, was charged in a twenty-two count indictment on June 4, 2013. ECF No. 4. On October 25, 2013, the petitioner entered a plea of guilty to Count 1 of the Indictment

---

[1]From this point forward, all ECF citations refer to the petitioner's criminal case docket, 5:13cr27-1.

charging him with conspiracy to distribute cocaine base and heroin, in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(C), and 846. ECF No. 85. Petitioner's plea agreement contained a binding agreement to a sentence of no more than 108 months, and a provision that if the court did not accept the binding provision, petitioner would have the right to withdraw his plea. ECF No. 86, ¶4 at 2. The plea agreement also contained a waiver of petitioner's appellate and collateral attack rights. Id. ¶11 at 4. On January 13, 2014, the Petitioner was found to be a career offender, and despite the Guideline sentence range recommendation of 210-262 months, he was sentenced to a term of 108 months imprisonment in accordance with the binding plea agreement accepted by the Court. ECF No. 138 and PSR, ECF No. 140, ¶¶ 99 - 100 at 20.

**B. Direct Appeal**

The petitioner did not file an appeal.

**C. Other Post Conviction Proceedings**

On December 4, 2014, Petitioner filed a Motion under 28 U.S.C. § 3582(c), seeking a reduction under the USSG Guideline 782. ECF No. 184. The Court denied the Motion by Order entered December 17, 2015. ECF No. 193.

**D. Federal Habeas Corpus**

On February 24, 2016, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. ECF No. 200. In his Court-Approved Motion, Petitioner raises the following claims, reworded and reordered here for clarity:

1) pursuant to the Supreme Court's recent decision in Johnson v. United States[2] finding that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague, he is eligible to have his sentence reduced or modified, because it was erroneously enhanced by the application

---

[2] Johnson v. United States, 135 S.Ct. 2551 (2015).

2

of the USSG § 4b1.s career offender status;

    2) petitioner's previous state of Ohio aggravated assault offense was not a crime of violence and did not result in a prison sentence exceeding one year;

    3) petitioner's previous state of Ohio attempted burglary offense was not a crime of violence and did not result in a prison sentence exceeding one year.

ECF No. 205 at 5 - 6.

As relief, petitioner seeks to have his sentence reduced or modified. Id. at 13.

**E. Recommendation**

Based upon review of the record, the undersigned recommends that Petitioner's Motion be denied and dismissed from the docket because he has no claim under Johnson[3] which is the only basis for relief asserted in the motion.

### III. ANALYSIS

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S.Ct. at 2555-57. The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii).

The Fourth Circuit recently issued a decision which addressed the term "crime of violence" in U.S.S.G. § 4B1.2 which, since at least 2004, has contained the same language as the ACCA which was struck down as unconstitutional in Johnson. See In re Hubbard, ____F.3d ____, 2016 WL 318417 (4th Cir. June 8, 2016). Although the Court did not find the career offender residual clause

---

[3] Id.

unconstitutional per se, it did grant the petitioner leave to file a successive § 2255 motion. Moreover, the United States Supreme Court recently granted a writ of certiorari in Beckles v. United States. ____ S.Ct. ____, 2016 WL 1029080 (June 27, 2016). Among the issues presented in the case is whether Johnson applies retroactively to collateral cases challenging federal sentences under the residual clause in USSG § 4B1.2(a)(2) (defining "crime of violence").

Therefore, the Court acknowledges that some defendants sentenced as a career offender under the residual clause of §4B1.2 may be entitled to relief if the holding in Johnson is extended to career offenders. However, the instant case does not require such analysis. Petitioner was not sentenced as a career offender, nor as an Armed Career Criminal, and therefore, his argument that Johnson renders his sentence invalid lacks merit.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 5:16CV22, ECF No. 1; Criminal Action No. 5:13CR27-1, ECF No. 200] be **DENIED** and **DISMISSED.**

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 13, 2016

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE